# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD HORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv–0327−NJR |
| | ) |
| LT. PEARCE, | ) |
| C/O MARTIN, | ) |
| C/O HAWK, | ) |
| C/O TATE, | ) |
| C/O MCDONALD, and | ) |
| LAURA BANON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Reginald Horton, an Illinois Department of Corrections inmate incarcerated in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff claims the defendants subjected him to excessive force, failed to protect him, and were deliberately indifferent to his serious medical issues in violation of the Eighth Amendment during his time at Pinckneyville Correctional Center. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which

1

relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: Plaintiff was in the segregation unit on November 20, 2016, when he told C/O Hawk that his water was not working. (Doc. 1, p. 3). Hawk asked Plaintiff why he was worried since he would be out of segregation in three days, so Plaintiff told Hawk to summon Lt. Pearce. *Id.* Pearce told Plaintiff he could wait for water, so Plaintiff requested a crisis team. *Id.* Plaintiff is severely mentally ill and had been told by mental health to request a crisis team if he felt as though the walls were closing in. *Id.* Pearce then told Hawk to cuff Plaintiff, so he could see the crisis team, at which point they began arguing over Plaintiff's water and "some saliva may have got on C/O Martin." (Doc. 1, p. 4). Pearce, Martin, and Hawk began punching, kicking, and running Plaintiff's head into the wall. *Id.* Plaintiff lost consciousness for a few seconds. *Id.* C/O Tate and C/O McDonald saw the incident and did nothing to intervene or stop it. *Id.*

When Plaintiff regained consciousness, he saw he was being dragged to the Health Care Unit. *Id.* He encountered Nurse Laura Banon and told her about the assault. *Id.* His injuries from the assault were visible. *Id.* Plaintiff also told her he was in an "extreme amount of pain," which he claims a lay person could see, but she did not do anything to treat Plaintiff. *Id.* Plaintiff seeks monetary damages from the defendants. (Doc. 1, p. 5).

## **Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** On November 20, 2016, Defendants Pearce, Martin, and Hawk subjected Plaintiff to excessive force in violation of the Eighth Amendment.
>
> **Count 2 –** Defendants Tate and McDonald failed to protect Plaintiff when he was attacked by Pearce, Martin, and Hawk on November 20, 2016 in violation of the Eighth Amendment.
>
> **Count 3 –** Defendant Banon showed deliberate indifference to Plaintiff's serious medical needs involving his injuries from the November 20, 2016 attack in violation of the Eighth Amendment.

As discussed in more detail below, Counts 1, 2, and 3 will be allowed to proceed. Any other intended claim that has not been recognized by the Court is considered dismissed with prejudice as inadequately pleaded under the *Twombly* pleading standard.

## **Count 1**

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred and

3

that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was *de minimis*, not whether the injury suffered was *de minimis*); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff has alleged that Pearce, Martin, and Hawk beat him to the point that he lost consciousness. He mentions that saliva got on C/O Martin prior to this, but construing the Complaint liberally, Plaintiff has implied that the beating was not justified. For these reasons, Count 1 cannot be dismissed at this stage and will be allowed to proceed against Pearce, Martin, and Hawk.

## Count 2

Under certain circumstances, "a state actor's failure to intervene renders him or her culpable under § 1983." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). An inmate asserting a failure to intervene claim under § 1983 against officers who were present when the inmate's constitutional rights were violated by a different officer must show that the officers had reason to know that excessive force was being used, and the officers had a "realistic opportunity to intervene to prevent the harm from occurring." *Abdullahi v. City of Madison*, 324 F.3d 763, 774 (7th Cir. 2005) (quoting *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994)).

Plaintiff claims that Tate and McDonald violated his constitutional rights because they were present, and he believes they observed Pearce, Martin, and Hawk using excessive force but failed to intervene. The facts alleged are sufficient to state a claim upon which relief may be

4

granted at this stage. Plaintiff may therefore proceed on his failure to intervene claim (Count 2) against Tate and McDonald.

### Count 3

A prisoner raising a claim against a prison official for deliberate indifference to his serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

The second requirement involves a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 297). Liability under the deliberate-indifference standard requires more than negligence, gross negligence or even recklessness; rather, it is satisfied only by conduct that approaches intentional wrongdoing, *i.e.*, "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835.

Plaintiff has alleged that he lost consciousness from the attack, had visible injuries, and told Banon he was in an extreme amount of pain. There is little other information regarding Plaintiff's injuries. Plaintiff claims that Banon did nothing to treat him despite his visible injuries

and substantial pain. Construing the Complaint liberally, Plaintiff has pleaded the bare minimum to state a deliberate indifference claim. Count 3 will therefore be allowed to proceed against Banon.

**Pending Motion**

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **PEARCE**, **MARTIN**, and **HAWK**.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against **TATE** and **MCDONALD**.

**IT IS FURTHER ORDERED** that **COUNT 3** shall **PROCEED** against **BANON**.

**IT IS FURTHER ORDERED** that as to **COUNTS 1**, **2**, and **3**, the Clerk of Court shall prepare for **PEARCE**, **MARTIN**, **HAWK**, **TATE**, **MCDONALD**, and **BANON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon each defendant (or upon defense counsel once an appearance is entered) a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 24, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**