IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD HORTON,** #R43601,<br>　　　　　　　Plaintiff,<br><br>v.<br><br>**CHARLES PEARCE, JOSEPH MARTIN, WILLIAM HAWK, SIERRA TATE,** and **JOSHUA MCDONALD,**<br><br>　　　　　　　**Defendants.** | Case No. 17-cv-00327-SPM |

**MEMORANDUM AND ORDER**

This matter is before the Court on motions *in limine* filed by Plaintiff Horton and Defendants. (Doc. 139, 140). The Court heard oral arguments on the motions at the Final Pretrial Conference held on April 6, 2022. For the reasons stated below and on the record, the Court rules as follows.[1]

**I. Motions *in limine* filed by Plaintiff Reginald Horton (Doc. 139)**

1. MOTION TO BAR DEFENDANTS FROM PRESENTING HEARSAY EVIDENCE REGARDING THE NOVEMBER 20, 216, INCIDENT

Plaintiff asks the Court to prohibit Defendants from offering the following exhibits as evidence: IDOC Investigation Report (Ex. 205); Defendant Martin's Disciplinary Report (Ex. 206); Defendant Pearce's Disciplinary Report (Ex. 207); Non-party John Uraski Disciplinary Report (Ex. 208); Defendant Pearce's Incident Report (Ex. 210); Defendant Martin's Incident Report (Ex. 211); Defendant McDonald's Incident Report (Ex. 212); and Final Summary issued by the Adjustment Committee (Ex. 213). Plaintiff argues these exhibits constitute inadmissible

---

[1] The parties are reminded that orders *in limine* may be revisited during trial. *See Perry v. City of Chic.*, 733 F.3d 248, 252 (7th Cir. 2013) (citing *Luce v. U.S.*, 469 U.S. 38, 41-42 (1984)).

Page 1 of 6

hearsay and that they are cumulative to the testimony that witnesses will offer at trial.

At the pretrial conference, Defense Counsel could not articulate specifically how she plans to use any of these documents at trial and stated the documents were listed in pretrial disclosures as exhibits that Defendants "may offer if the need arises." (*See* Doc. 107). She anticipates not submitting the documents as exhibits but using them to refresh the recollections of witnesses.

As it is unclear how these exhibits will be offered by Defendants, the Court **RESERVES RULING** on this motion and will address each exhibit as it is presented at trial. *See U.S. V. Lillie,* 669 F. Supp. 2d 903, 905 (N.D. Ill. Oct. 28, 2009) ("evidence should be excluded *in limine* only where it is clearly inadmissible on all potential grounds").

2. MOTION TO BAR EVIDENCE OF PRIOR CONVICTIONS AND SENTENCES

Plaintiff argues that Defendants should be precluded from providing testimony, other evidence, or argument regarding his criminal charges, convictions, or sentences, none of which have any bearing on this civil lawsuit.

The motion is **DENIED**. Defendants may introduce evidence regarding Plaintiff's drug convictions from 2015 and 2016, but any evidence offered will be limited to the parameters prescribed by the Seventh Circuit, which are the crime charged, the date, and the disposition. *See Gora v. Costa,* 971 F. 2d 1325 (7th Cir. 1992) (citing *Campbell v. Greer,* 831 F. 2d 700, 707 (7th Cir. 1987); FED. R. EVID. 609(a)(1)(A). Defendants shall not present evidence of Plaintiff's 2012 conviction for leaving the scene of an accident causing death.

Likewise, Defendants may offer evidence of the 2013 and 2014 convictions of Marvin Leggin, Plaintiff's witness, within the limitations outlined above.

3. MOTION TO EXCLUDE REFERENCES TO CONDUCT VIOLATIONS OR DISCIPLINARY HISTORY WHILE INCARCERATED

Plaintiff argues that his disciplinary record has no bearing on whether Defendants used

excessive force against him. He states that such evidence would be highly prejudicial and likely to be improperly used to suggest that he is prone to misconduct.

Given that Defendants do not intend to testify that they had any knowledge of Plaintiff's disciplinary history prior to the November 20, 2016, incident, the Court agrees that the disciplinary records prior to and following the incident of excessive force are not relevant and would be highly prejudicial. *See Withers v. Riley,* 1994 WL 91960 (N.D. Ill. March 18, 1994) ("evidence of the plaintiff's past criminal or disciplinary history on any other basis would not only be irrelevant but under Rule 403 should be excluded because its probative value would be substantially outweighed by the danger of unfair prejudice").

That being said, Defense Counsel testified that she intends to use the disciplinary records only for impeachment purposes, which may render Plaintiff's disciplinary record admissible if it contradicts Plaintiff's testimony. Therefore, the motion is **DENIED** at this time, but the issue may be revisited at trial. *See Plair v. E.J. Brach & Sons, Inc.,* 864 F. Supp. 67, 69 (N.D. Ill. 1994) (a motion *in limine* is granted when the movant has demonstrated the evidence is inadmissible on any relevant ground, "for any purpose").

4. MOTION TO BAR DEFENDANTS FROM PRESENTING EVIDENCE OF THEIR WEALTH/ABILITY TO PAY A DAMAGES AWARD

Defendants do not object, and therefore, the motion is **GRANTED.**

5. MOTION TO BAR REFERENCES TO JUROR'S PECUNIARY INTERESTS

Defendants do not object, and therefore, the motion is **GRANTED.**

6. MOTION TO BAR NON-PARTY WITNESSES FROM THE COURTROOM DURING TRIAL

Defendants do not object, and therefore, the motion is **GRANTED.**

7. MOTION TO ALLOW PLAINTIFF TO APPEAR AT TRIAL WITHOUT VISIBLE PHYSICAL RETRAINS OR MONITORING

This motion is **DENIED as moot.** Plaintiff's Counsel testified that Plaintiff's movement is no longer restricted by any type of monitoring device.

**II. Motions *in limine* filed by Defendants (Doc. 140)**

1. MOTION ASKING THE COURT TO PROHIBIT PLAINTIFF FROM OFFERING INTO EVIDENCE THE ILLINOIS ADMINISTRATIVE CODE AND ILLINOIS DEPARTMENT OF CORRECTIONS' ADMINISTRATIVE DIRECTIVES.

Defendants anticipate that Plaintiff will attempt to introduce at trial written policies from the Illinois Department of Corrections' Administrative Code and Illinois Department of Corrections' Administrative Directives. They argue that the "violation of police regulations or even state law is completely immaterial to the question of whether a violation of the federal constitutional has been established." (Doc. 140) (quoting *Thompson v. City of Chi.* 472 F. 3d 444, 446 (7th Cir. 2006)). The factors of a use of force claim is clearly outlined in the Pattern Jury Instructions, and Defendants assert that the use of department regulations may only serve to confuse the jury as to what they should consider when making a determination.

In the Eighth Amendment context, the Seventh Circuit has held that the knowing violation of prison rules or medical protocols—although not dispositive—may be relevant evidence to show the subjective element of the claim. *See Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009). However, Plaintiff's Counsel could not identify any particular directive or regulation that he planned to offer as evidence that applied to the incident on November 20, 216. Therefore, the Court **GRANTS** the motion at this time and will revisit the issue if Plaintiff can point to a relevant specific regulation on point.

2. MOTION ASKING THE COURT TO PROHIBIT PLAINTIFF FROM OFFERING EVIDENCE OR TESTIMONY, OR OTHERWISE SUGGESTING, THAT THE STATE OF ILLINOIS MAY INDEMNIFY THE DEFENDANTS.

    Plaintiff does not object, and therefore, the motion is **GRANTED.**

3. MOTION ASKING THE COURT TO PROHIBIT PLAINTIFF FROM OFFERING EVIDENCE OR TESTIMONY OF OTHER LAWSUITS INVOLVING ANY OF THE DEFENDANTS.

    Plaintiff does not object, and therefore, the motion is **GRANTED.**

4. MOTION ASKING THE COURT TO PROHIBIT PLAINTIFF FROM MAKING ANY "GOLDEN RULE" APPEAL.

    Plaintiff does not object, and therefore, the motion is **GRANTED.**

5. MOTION ASKING THE COURT TO ENSURE THAT PLAINTIFF DOES NOT SEEK TO CONTRADICT THE EVENTS LEADING UP TO THE USE OF FORCE.

    Plaintiff was disciplined by the Adjustment Committee as a result of conduct that took place prior to and during the use of force. On November 20, 2016, he was ticketed for offenses of assaulting any person-staff; intimidation or threats; and disobeying a direct order. (*See* Doc. 139-6, p. 19). The discipline he received included the loss of good conduct credits. Although his discipline was later reduced, he still received the revocation of three months of good conduct credits. Because the loss of good time credits affected his sentence, the Court must follow the ruling in *Heck vs. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok,* 520 U.S. 641 (1997).

    The ruling in *Heck* forbids a person from contradicting a valid judgment, conviction, or sentence through a civil rights action. In *Edwards,* the United States Supreme Court extended this doctrine to decisions of prison disciplinary bodies that affect an inmate's sentence. Plaintiff's release from custody does not impact the *Heck* bar, which will apply absent a favorable determination as to his prison discipline. *See Savory v. Cannon*, 947 F.3d 409, 425-26 (7th Cir. 2020) (en banc).

    For the purposes of trial, this means that Plaintiff is bound by the findings reached by the

Adjustment Committee. *See Gilbert v. Cook,* 512 F. 3d 899, 901 (7th Cir. 2008). However, as stated on the record, the Court finds the motion seeking to prohibit Plaintiff from contradicting the events leading up to the use of force overly broad. Not all the events leading up to the use of force incident were the basis for the discipline issued by the Adjustment Committee. Therefore, the motion is **DENIED.**

It is the Court's understanding that Plaintiff wishes to advance testimony that he accidently spit on Defendants.[2] The Court finds that such testimony would not contradict the Adjustment Committee's findings. In the Adjustment Committee's Final Summary Report, they found Plaintiff guilty of disobeying a direct order, with the notation "refused order to stop spitting…," and assaulting any person – staff, with the notation "spit on staff." (Doc. 139-6, p. 19). The Adjustment Committee found Plaintiff guilty based on "admission of guilt that he was yelling and spit was coming out of his mouth and he couldn't help it." (*Id.*). Thus, as Plaintiff argues, allowing him to testify to those facts, that he did not intentionally spit on Defendants, does not impugn the result of his disciplinary proceeding. (*See* Doc. 144, p. 6).

Because of *Heck,* however, Plaintiff will not be able to refute the Adjustment Committee's findings that he "refused all orders." (Doc. 139-6, p.19). Plaintiff will not be required to confess that he disobeyed any orders, but he will not be permitted to introduce evidence to the contrary. If Plaintiff does attempt to contest the Adjustment Committee's findings and testifies that he did not resist or disobey orders, then the Court will give a limiting instruction to the jury.

**IT IS SO ORDERED.**

**DATED:   April 12, 2022**

                                               *s/Stephen P. McGlynn*
                                               **STEPHEN P. MCGLYNN**
                                               **United States District Judge**

---

[2] Plaintiff's Counsel stated at the Final Pretrial Conference that Plaintiff does not intend to testify that he did not spit on Defendants.